# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | |
|---|---|
| MY'QUILLE ANDERSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:18-CV-101 RLW |
| ) | |
| QUINN BARBER-BARNETT, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of plaintiff, My'Quille Anderson, an inmate at the Cape Girardeau County Jail, for leave to commence this action without payment of the required filing fee. For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $1.00. *See* 28 U.S.C. § 1915(b)(1). Furthermore, based upon a review of the complaint, the Court will dismiss this action pursuant to *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).

### Background

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 asserting violations of his Fourth Amendment rights against illegal seizure. He states that on December 22, 2017, he was arrested and accused of felony child abuse of his two-year-old daughter.

Plaintiff asserts that he was watching his two year old daughter in his home on December 18th or 19th, 2017. He claims that his daughter began "running around the house yelling loudly." He states that he told his daughter to "come here" and gave her some candy and told her to have a seat on the couch and "be good." Although plaintiff alleges that she initially calmed down, he states that she once again began to "act out," and his son also began to act out. Plaintiff alleges

that he placed both children in a "time out" in the corner, but his daughter began to act out again. Plaintiff claims that as a consequence, he spanked his daughter with his hand. However, after initially calming down, she once again acted out, and he once again spanked her with his hand. The third time she acted out, plaintiff states that he gave her a verbal warning and tried to place her in time out, but she failed to heed his warning, and he had to take off his belt and "lightly whoop her butt." Plaintiff claims that later he was helping his daughter put on her clothing and he "noticed some marks on her, from where he spanked her with a belt…but the minor bruises did not appear to be significant."

Plaintiff asserts that a few days later, his fiancée's brother came over and wanted to take the children to see their grandmother. Plaintiff asserts that he allowed the children to go with their uncle, fixed himself something to eat and took a walk. He states that when he got back to his home, his fiancé was standing outside with pictures of his daughter's backside and asked him what happened. Plaintiff stated the pictures showed only small bruises and he told his fiancé that his daughter had acted out and needed disciplining. Plaintiff asserts that while he was talking to his fiancé, the children's grandmother called the police and the Missouri Department of Social Services. Defendant Holloway "came and took" plaintiff away, and Susan Bundy and Quinn Barber-Barnett of the Department of Social Services initiated an abuse investigation against plaintiff.

Plaintiff asserts that defendant Holloway coerced the children's grandmother into making false statements against him that were used against him in the preliminary hearing. Plaintiff states that Quinn Barber-Barnett submitted a report to Holloway finding, by a preponderance of the evidence that plaintiff had abused his daughter. Holloway then submitted a

warrant application to the Cape Girardeau Prosecuting Attorney's Office seeking to file criminal charges against plaintiff for felony child abuse. Defendant Franklin Miller was the Cape Girardeau Prosecutor who brought charges against plaintiff for Class D felony abuse/neglect of his daughter. *See State v. Anderson*, No. 17CG-CR02118-01 (32nd Judicial Circuit, Cape Girardeau County Court). Defendant pled guilty to felony child abuse and was sentenced to four years in the Missouri Department of Corrections on October 22, 2018.

Plaintiff brings this § 1983 action, alleging defendants Jamie Holloway, Susan Bundy and Quinn Barber-Barnett violated his Fourth Amendment right to be free of an unreasonable seizure without probable cause.

Plaintiff also asserts that prosecuting attorney Franklin Miller has violated plaintiff's rights under the First Amendment by interfering with plaintiff's right to discipline his children in the way he wants to, as well as by limiting plaintiff's contact with his children.

Last, plaintiff asserts that defendant Cape Girardeau County has failed to train its Children's Services Workers in proper investigation techniques and allows investigation workers to pursue cases without probable cause. Finally, plaintiff asserts a state law claim of intentional infliction of emotional distress against the defendants. For relief, plaintiff seeks an injunction and monetary relief.

**Discussion**

A prisoner may not recover damages in a § 1983 suit where the judgment would necessarily imply the invalidity of his conviction, continued imprisonment or sentence unless the conviction or sentence is reversed, expunged or called into question by issuance of a writ of habeas corpus. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); *Schafer v. Moore*, 46 F.3d

43, 45 (8th Cir. 1995); *see also Edwards v. Balisok*, 520 U.S. 641, 648 (1997) (applying rule in § 1983 suit seeking declaratory relief). Plaintiff has admitted that he was guilty of felony child abuse by pleading guilty to the charges against him. He has not brought any post-conviction proceedings to overturn his conviction at this time. Thus, insinuating at this time in a § 1983 lawsuit that he was wrongly arrested or that the statements against him were false would necessarily imply the invalidity of the crime for which he has pled guilty. As such, *Heck* bars plaintiff's Fourth Amendment claims, as well as his First Amendment claims that he was properly disciplining his child and should have access to his children at this time when he has been convicted of felony child abuse of one of those children. Plaintiff's lawsuit is subject to dismissal under *Heck*.

Plaintiff's policy and custom claims against Cape Girardeau County, as well as plaintiff's conspiracy claims against the named defendants, are simply conclusory and do not state a claim for relief. *Frey v. City of Herculaneum*, 44 F.3d 667, 671 (8th Cir. 1995).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff must pay an initial filing fee of $1.00 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.[1]

---

[1] After payment of the initial partial filing fee, the prisoner is required to make monthly payments

**IT IS FURTHER ORDERED** that this action is subject to dismissal pursuant to *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).

**IT IS FURTHER ORDERED** that an appeal from this dismissal would not be taken in good faith.

A separate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 5th day of November, 2018.

*Ronnie L. White*
RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE

---

of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner will deduct the payments and forward them to the Court each time the amount in the account exceeds $10. 28 U.S.C. § 1915(b)(2).